ETHEL BARRETT, Appellee, v. FLOYD A. BARRETT, Appellant.

DIVORCE: Evidence—Sufficiency of One Ground. One fully estab-
1  lished ground for divorce is all-sufficient, and other alleged
grounds may be ignored.

EVIDENCE: Relevancy, Materiality, and Competency—Character
2  or Reputation. Prior to the impeachment of a witness, evidence
of his good, moral character or his good reputation for truth
and veracity is not material.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

MARCH 12, 1918.

SUIT in equity for divorce. Decree for plaintiff, and
defendant appeals.—*Affirmed.*

*Hunn & Jones,* for appellant.

*White & Clarke,* for appellee.

WEAVER, J.—As originally filed, the petition for divorce
was based upon cruel and inhuman treatment endangering
the life of the plaintiff. The defendant failing to appear,
he was held to be in default; and, upon hearing the evi-
dence offered by plaintiff, a decree was entered, granting her
the relief prayed. Thereafter, and at the same term of
court, there was filed a stipulation which had been exe-
cuted pending the divorce proceedings, providing that, in
the event of the granting of a divorce, the property rights
of the parties should be adjusted and settled by payment to
the plaintiff by defendant of the sum of $1,000, with attor-
ney's fees of $100, and court costs, which payment should
be received by plaintiff in full satisfaction of all her rights
and claims to alimony. The stipulation was signed on be-
half of plaintiff by her attorneys of record, and on behalf
of defendant by his father, George H. Barrett. Based up-

on this agreement, plaintiff moved for judgment against defendant. The defendant appeared, and resisted the motion on the ground that the stipulation was executed without his knowledge or authority, and was obtained from his father by false representations. The objection being overruled, a supplemental decree was entered in favor of plaintiff, in accordance with the terms of the stipulation. On the same day, defendant moved to set aside the decree of divorce, because it had been granted upon insufficient evidence, and because the stipulation already referred to had been made without defendant's knowledge or consent. This motion was sustained, and the decree set aside. At this stage of the proceedings, plaintiff amended her petition by adding thereto a second count, charging the defendant with adultery. So far as the printed record reveals, no answer was filed to this amendment, though defendant contested the truth of the charge upon the trial. At the close of the trial, the court found for the plaintiff upon the second count of her petition, and entered a final decree accordingly. The defendant appeals.

I. The defendant, in argument, gives **1. DIVORCE: evidence: sufficiency of one ground.** considerable attention to the charge of cruel and inhuman treatment made in the first count of the petition, and contends that the showing made in this respect is not sufficient to justify a decree of divorce. The trial court, having found for the plaintiff upon the charge of adultery in the second count of the petition, deemed it unnecessary to determine the issue joined upon the first count; and, as we are disposed to affirm the decree as rendered, there is no occasion for considering or passing upon the other question. If the charge of adultery has sufficient support in the evidence, plaintiff is entitled to a decree even though she wholly failed to make good her allegation of cruel and inhuman treatment.

II. The determining question in the
case is one of fact. The charge of adultery
is supported by the testimony of several wit-
nesses, testifying to facts and circumstances
which, if true, point clearly and quite con-
clusively to the truth of the accusation. The appellant, as
a witness, denies the charge very emphatically, and has
sought to add to the effect of his denial by producing neigh-
bors and acquaintances to testify that his general reputa-
tion for moral character and for truth and veracity in the
neighborhood where he resides is good. This testimony
was admitted over the plaintiff's objection to its material-
ity. No attempt had been made to impeach the defend-
ant's reputation in this respect, and in our judgment, such
testimony does not serve to overcome the apparent prepon-
derance in plaintiff's favor. In trial of equity causes, the
credibility of witnesses and the weight and value of their
testimony are for the consideration of the court, and are
to be determined from all the facts and circumstances de-
veloped on the trial, as well as from the appearance, de-
meanor, and bearing of the witnesses on the stand. Until
their reputation is sought to be impeached, it is not to be
thrown into the balance as a fact which may be affirmative-
ly shown, to give their sworn statement an added force or
effect. We shall not recite the testimony of the several
witnesses examined on either side. It is sufficient to say
that, when taken as a whole, it fairly establishes the plain-
tiff's right to a divorce upon the second count of her peti-
tion; and the decree of the district court must be affirmed.

Whether the stipulation as to alimony was or was
not made with the knowledge of the defendant, the amount
allowed by the court is certainly not unreasonable, or out
of just proportion to defendant's ability to pay. Appellee
asks that an additional allowance be made in her favor
for the services of her counsel in this court; but, in view of

2. EVIDENCE: relevancy, materiality, and competency: character or reputation.

the fees taxed by the trial court, we think further relief in that direction is not called for.—*Affirmed.*

Preston, C. J., Gaynor and Stevens, JJ., concur.